AMWAY DE PUERTO RICO, INC.
Apelada

v.

SECRETARIO DE HACIENDA
Apelante

Núm. KLAN-00-00387

San Juan, Puerto Rico, a 24 de mayo de 2001

Panel integrado por su Presidenta, la Juez Fiol Matta,
la Juez Rodríguez de Oronoz y el Juez González Román

Rodríguez de Oronoz, Jueza Ponente

**TEXTO COMPLETO DE LA SENTENCIA**

Comparece, mediante recurso de apelación, el Secretario de Hacienda, representado por el Procurador

General de Puerto Rico, y nos solicita la revocación de una sentencia del Tribunal de Primera Instancia, Sala Superior de San Juan, que declaró con lugar una demanda a favor de Amway de Puerto Rico Inc. y dejó sin efecto una notificación final de deficiencia de planillas emitida por el Secretario de Hacienda. Examinado el expediente y el derecho aplicable, confirmamos la sentencia apelada.

## I

Exponemos los hechos del presente caso según los determinó el Tribunal de Primera Instancia y de acuerdo con la estipulación de hechos efectuada por las partes.

Amway de Puerto Rico Inc. (en adelante Amway PR) es una corporación foránea dedicada a la industria o negocio en Puerto Rico, debidamente inscrita en el Departamento de Estado y subsidiaria de Amway Corporation. El año contributivo de Amway PR es a base del año fiscal comenzando el 1ro. de septiembre y terminando el 31 de agosto.

En los años objeto de esta controversia, Amway PR radicó sus planillas de contribución sobre ingreso y las correspondientes planillas enmendadas en las siguientes fechas:

| Año Contributivo terminado el 31 de agosto | Fecha de Radicación de la Planilla | Fecha de Radicación Planilla Enmendada |
|---|---|---|
| 1984 | 26 de diciembre de 1984 | N/A |
| 1985 | 7 de marzo de 1986 | 14 de septiembre de 1990, 6 de noviembre de 1990 |
| 1986 | 29 de diciembre de 1986 | 6 de noviembre de 1990 |
| 1987 | 17 de diciembre de 1987 | 6 de noviembre de 1990 |
| 1988 | 15 de marzo de 1989 | 6 de noviembre de 1990 |

Según determinó el tribunal de instancia, las planillas fueron debidamente firmadas, juramentadas y notarizadas. Asimismo, se determinó que las planillas enmendadas no alteraron en forma alguna el ingreso, ni las deducciones reclamadas en la planilla original. Amway PR no informó dividendo alguno en sus planillas de contribución sobre ingresos para los años objetos de esta controversia, por lo que para estos años no radicó la Planilla Anual de Contribuciones sobre Ingresos Retenida en el Origen a No Residentes (conocida como planilla "*R.O.*").

En los referidos años, Amway PR reclamó como deducción varias cantidades por concepto de honorarios por servicios gerenciales ("*management fees*") pagados a su compañía matriz Amway Corporation. ■ En la planilla del año contributivo 1984, Amway PR reclamó como contribución pagada en exceso, la cantidad de $19,788, cantidad que solicitó como reintegro nuevamente en la planilla de 1985.

El 27 de marzo de 1991, el Secretario de Hacienda (en adelante, el Secretario) preparó "*de oficio*" una "*Planilla Anual de Contribuciones sobre Ingresos Retenida en el Origen a No Residentes*" (Forma 480.30) correspondiente a los años contributivos 1984 a 1988. El 15 de junio de 1992, el Secretario denegó el reintegro de $19,788 solicitado por Amway PR en la planilla de 1985.

El 31 de julio de 1992, el Secretario le envió a Amway PR una notificación preliminar de deficiencia para los años 1984 a 1988 por concepto de contribuciones sobre ingresos que el Secretario entendió debieron haberse retenido en el origen. La deficiencia ascendió a $304,007.01, incluyendo los intereses a la fecha de la notificación. Esta deficiencia surgió luego de que el Secretario reclasificara como dividendos implícitos una porción de los *"management fees"* pagados por Amway PR a Amway Corporation durante los años contributivos aludidos. El Secretario clasificó como *"management fees"* el 5% de las ventas netas de Amway PR y la cantidad restante la reclasificó como dividendos implícitos, por lo que le impuso una contribución de 25% dispuesta por ley sobre dichos pagos.

Como consecuencia, Amway PR solicitó una reconsideración y una vista administrativa sobre la deficiencia preliminar notificada. La vista administrativa se llevó a cabo el 28 de octubre de 1993. Posteriormente, el Secretario le solicitó a Amway PR información adicional que ésta le suministró. El 27 de marzo de 1995, Amway PR envió a Hacienda unos formularios titulados *"Consentimiento Fijando Limitaciones de Tiempo para la Tasación de la Contribución sobre Ingresos"* (Modelo SC 6030).

El 22 de agosto de 1995, el Secretario le remitió a Amway PR una *"Notificación Final de Deficiencia"* para los años comprendidos entre 1984 y 1988. Dicha deficiencia ascendió a $354,528.61, incluyendo intereses, recargos y penalidades al 30 de septiembre de 1995.

El 21 de septiembre de 1995, Amway PR presentó una demanda en el Tribunal de Primera Instancia, Sala Superior de San Juan, impugnando la deficiencia notificada. ■ En la demanda alegó que el Secretario actuó incorrectamente al reclasificar como dividendos una porción de los gastos de administración para los años contributivos 1984 al 1988, ya que había transcurrido el término prescriptivo. En su contestación, el Secretario señaló que las deficiencias notificadas eran como consecuencia de no cumplir con su obligación de retención en el origen sobre la porción reclasificada como dividendo.

El 2 de mayo de 1997, Amway PR solicitó que se dictara sentencia sumaria. El Secretario se opuso por alegadamente existir controversias de hechos y alegó que no había transcurrido el término prescriptivo.

Luego de estipulados los hechos por las partes, el 10 de diciembre de 1999, el tribunal de instancia dictó sentencia sumariamente a favor de Amway PR y dejó sin efecto la notificación final de deficiencia emitida por el Secretario. El tribunal resolvió que a pesar de que el Secretario tenía facultad para reclasificar como dividendo las cantidades objeto de la controversia, la notificación final de deficiencia la hizo pasado el término prescriptivo que la ley disponía, por lo que su acción estaba prescrita. El tribunal resolvió que la deficiencia señalada sobre retención en el origen surgió luego de la reclasificación de la porción de gastos administrativos como dividendos, por lo que la deficiencia señalada dependía de si había transcurrido o no el término prescriptivo en cuanto a las planillas de contribución sobre ingreso. A la luz de este análisis, el tribunal determinó que la actuación del Secretario estaba prescrita debido a que la notificación final de la deficiencia se hizo transcurrido el término de cuatro años posterior a cada planilla. Finalmente, el tribunal resolvió que el consentimiento que dio Amway PR para que se tasara la contribución luego del período prescriptivo debió haberse hecho antes de la expiración del período prescriptivo, por lo que concluyó que no era válido.

El 5 de enero de 2000, el Secretario solicitó una reconsideración que el tribunal de instancia denegó mediante resolución del 3 de febrero de 2000.

Inconforme con el dictamen del tribunal de instancia, el Secretario, representado por el Procurador General de Puerto Rico, presentó el recurso de apelación que nos ocupa. El Secretario alega que el tribunal de instancia cometió los siguientes errores:

*"PRIMER ERROR: Erró el tribunal al concluir que la planilla de retención en el origen requerida por la sección 143 no constituye una 'planilla' para efectos del término prescriptivo establecido por la sección 275 y que la deficiencia notificada en este caso se encuentra limitada por el período de prescripción de las planillas de contribución sobre ingresos radicadas por la parte demandante, Amway de Puerto Rico, para los años 1984 al 1988, ambos inclusive.*

*SEGUNDO ERROR: Erró el Tribunal al concluir que la acción realizada por la Secretaria de Hacienda, imputándole a la parte demandante una deficiencia por concepto de contribuciones sobre ingresos dejadas de retener en el origen, está prescrita bajo la sección 275 de la Ley."*

El 2 de mayo de 2000, Amway PR presentó su alegato y el 8 de mayo de 2001, el Procurador General presentó una moción solicitando que se tomara como precedente lo resuelto por el Tribunal Supremo en *Qume Caribe Inc. v. Secretario de Hacienda*, ___ D.P.R. ___ (2001); **2001 J.T.S. 41**. El 21 de mayo de 2001, Amway PR presentó oposición a la moción presentada por el Procurador.

## II

La Ley de Contribuciones sobre Ingresos de 1954, 13 L.P.R.A. secs. 3001 *et seq.*, ▇ aplicable al caso de autos, establecía lo siguiente respecto a la obligación contributiva de corporaciones y sociedades extranjeras:

*"(a) Obligación de Retener- En el caso de corporaciones y sociedades extranjeras sujetas a tributación bajo este Subtítulo no dedicadas a industria o negocio dentro de Puerto Rico, se deducirá o retendrá en el origen, en la misma forma y sobre las mismas partidas de ingreso que proveen en la sec. 3143 de este título, una contribución igual al 29 por ciento de dicho ingreso, excepto que en el caso del ingreso proveniente de dividendo o beneficios de sociedades, la deducción y retención se hará en una cantidad igual al 25 por ciento del mismo."* 13 L.P.R.A. sec. 3144.

Por otra parte, la referida Ley de Contribuciones establecía un término de prescripción para la tasación y cobro del monto de contribuciones sobre ingresos, procedimiento de apremio o de un procedimiento en corte para el cobro de cualquier deficiencia. *Qume Caribe Inc. v. Secretario de Hacienda, supra.* Así, la ley disponía lo siguiente:

*"(a) Regla General- El monto de contribuciones sobre ingresos impuestas por este Subtítulo será tasado dentro de cuatro años después de haberse rendido la planilla, y ningún procedimiento en corte sin tasación para el cobro de dichas contribuciones será comenzado después de la expiración de dicho período."* (Enfasis suplido). 13 L.P.R.A. sec. 3275.

El período prescriptivo aludido se interrumpía mediante la notificación de la determinación final de deficiencia del Secretario al contribuyente. A tales fines, la ley disponía lo siguiente:

*"El período de prescripción provisto en las secs. 3275 ó 3276 de este título para la tasación y para el comienzo de un procedimiento de apremio o de un procedimiento en corte para el cobro, con respecto a cualquier deficiencia, quedará, después del envío por correo de la notificación de la determinación final provista en la sec. 3272(a), interrumpido por el período durante el cual el Secretario está impedido de hacer la tasación o de comenzar el procedimiento de apremio o el procedimiento en corte (y en todo caso, si se recurriere ante el Tribunal Superior hasta que la decisión del Tribunal sea firme), y por los 60 días siguientes."* 13 L.P.R.A. sec. 3277.

La ley también establecía que un contribuyente podía renunciar al período de prescripción antes descrito si

lo hacía antes de la expiración de dicho término. 13 L.P.R.A. sec. 3275.

La excepción a esta norma eran los casos en que se trataba de una planilla falsa o fraudulenta con la intención de evadir una contribución o los casos en que se dejaba de rendir planilla. En dichos casos, la contribución podía ser tasada o podía comenzarse un procedimiento sin tasación para el cobro de la contribución en cualquier momento. 13 L.P.R.A. sec. 3276 (a).

### III

En el caso ante nos, Amway PR radicó las planillas correspondientes a los años 1984 a 1988 en las siguientes fechas: 26 de diciembre de 1984, 7 de marzo de 1986, 29 de diciembre de 1986, 17 de diciembre de 1987 y 15 de marzo de 1989. El término prescriptivo de cada una de las planillas se cumplió el 26 de diciembre de 1988, 7 de marzo de 1990, 29 de diciembre de 1990, 17 de diciembre de 1991 y 15 de marzo de 1993. El tribunal de instancia determinó que cada una de las planillas fue debidamente firmada, juramentada y notarizada. Ahora bien, la notificación final de deficiencia fue enviada el 22 de agosto de 1995, fecha en la cual ya había transcurrido el término prescriptivo.

El Procurador General aduce que debido a que la deficiencia señalada por el Secretario es sobre una planilla independiente a las planillas cuyo término prescribió, el Secretario puede exigir su cumplimiento. Señala que el término prescriptivo de las planillas de 1984 a 1988 es independiente al de las Planillas de Retención en el origen que alegadamente debió haber rendido Amway PR. No tiene razón.

Ciertamente, la Ley de Contribuciones imponía una obligación a las sociedades y corporaciones foráneas de rendir una Planilla de Retención en el Origen y el Secretario tenía la facultad para exigir dicho cumplimiento. No obstante, no se trata en este caso de que el contribuyente dejase de llenar las Planillas de Retención en el origen, aun sabiendo que tenía tal obligación. Se trata de que el Secretario reclasificó ciertas partidas de gastos administrativos como dividendos y notificó las deficiencias producto de esta reclasificación fuera del término prescriptivo que la ley dispone para ello. Por lo que tal determinación, para los efectos de este caso, no puede conllevar la obligación de rendir ciertas planillas sobre unas deficiencias que fueron notificadas fuera del término que la ley establece.

Por tal razón, coincidimos con el tribunal de instancia en que la deficiencia señalada por el Secretario dependía de si la actuación de éste respecto a la planillas de 1984 al 1988, la hizo dentro del término prescriptivo. El foro *a quo* razonó correctamente a resolver que las deficiencias señaladas por el Secretario, respecto a la retención en el origen, se derivan o surgen de la determinación de deficiencias de las planillas de 1984 a 1988. Las deficiencias señaladas no son actos aislados e independientes, pues de no haberse encontrado las deficiencias en el aludido período contributivo, no hubiese surgido la alegada obligación de rendir las Planillas de Retención en el origen. La defensa de prescripción lo que pretende es precisamente proteger a los contribuyentes de cobros indebidos.

Cabe señalar que el Secretario realizó las Planillas de Retención en el Origen "*de oficio*" en 1991, sin embargo, no es hasta 1995 que hace la notificación final de las deficiencias. La ley es clara en el sentido de que es a través de la notificación final de deficiencia que se interrumpe el término prescriptivo. No procede que interpretemos los hechos de este caso de forma aislada, pues la obligación contributiva aludida surge de las planillas de 1984 a 1988, deficiencia que fue notificada luego del término prescriptivo. Como señaláramos, no se trata de una omisión de rendir planillas y sí de una reclasificación de gastos a dividendos hecha por el Secretario.

Por otra parte, aun cuando Amway PR consintió a que se efectuara una tasación de contribuciones fuera del

término prescriptivo, su consentimiento se da, ya cuando el término había prescrito, contrario a lo que establecía la ley vigente en ese momento, que requería que cualquier consentimiento para prorrogar el término debía hacerse dentro del mismo. Por tal razón, el alegado consentimiento carece de validez.

Finalmente cabe distinguir del presente caso lo resuelto en *Qume Caribe Inc. v. Secretario de Hacienda, supra.* En *Qume* la corporación consintió a extender el período prescriptivo para la tasación de contribución dentro del término de prescripción y el Secretario realizó y notificó la tasación de contribución dentro de ese período, distinto al caso de autos.

## IV

Por los fundamentos expuestos, se confirma la sentencia apelada.

Así lo acordó y manda el Tribunal y lo certifica la Subsecretaria General.

Gladys E. Ortega Ramírez
Subsecretaria General

### ESCOLIOS 2001 DTA 180

**1.** La reclamación de deducciones y el respectivo porciento de las ventas fue el siguiente: para 1984: $442,072 (14.84%); para 1985: $242,815 (15.05%); para 1986: $120,216 (12.99%); para 1987: $99,228 (12.86%); y para 1988: $98,155 (12.67%).

**2.** La demanda se presentó al amparo de la sección 6002 del Código de Rentas Internas de Puerto Rico, 13 L.P.R.A. sec. 8022.

**3.** Dicha ley fue sustituida por el Código de Rentas Internas de 1994. Adviértase que las planillas de contribución sobre ingresos objeto de esta controversia corresponden a los años 1984 a 1988, razón por la cual la ley aplicable al caso de autos -en cuanto a derecho sustantivo-, es la Ley de Contribuciones sobre Ingresos de 1954 y no el Código de Rentas Internas de 1994.